IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CENTRAL PRODUCE EL JIBARITO, INC.<br>**Plaintiff**<br><br>v.<br><br>PR REXVILLE PRODUCE & DISTRIBUTORS, INC. *et al.*,<br>**Defendants** | **CIVIL NO.** 12-1816 (JAG) |

**TEMPORARY RESTRAINING ORDER**

On October 2, 2012, Plaintiff filed a complaint with attachments, a motion for issuance of a temporary restraining order, and for issuance of an order to show cause as to why a preliminary injunction should not be issued, together with a sworn statement in support thereof, invoices and related documents.

The Court has reviewed the allegations contained in the complaint and the documents attached thereto, as well as the motions. Plaintiff, a seller of wholesale quantities of perishable agricultural commodities, posits it sold a variety of produce to Defendants in interstate commerce. This sale of produce is governed by the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a-499e ("PACA"). PACA creates a statutory trust on all produce-related assets held by agricultural merchants, dealers, and brokers, which must be maintained by the buyer pursuant to law for the benefit of unpaid suppliers,

sellers, or agents who provided the commodities until full payment has been made by buyer.

Plaintiff has submitted an affidavit and other supporting documentation to prove that it is a produce dealer and creditor of Defendants pursuant to the aforementioned Act, and that it has not been paid for approximately $236,346.10 worth of produce that it has sold to Defendants. The documentation supplied further shows that Defendants failed to pay Plaintiff the full amount due when payment was demanded.

Plaintiff's counsel has also certified that if Plaintiff is required to give notice to Defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard. (Docket No. 6). Thus, it is justified that a Temporary Restraining Order for a period of fourteen (14) days be issued by the Court to maintain the status quo and preserve the rights of the parties until the Court has an opportunity to hear the allegations of the parties.

Therefore, and pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court hereby **GRANTS** Plaintiff's Motion for a Temporary Restraining Order, without hearing or notice, for the next fourteen (14) days against defendants PR REXVILLE PRODUCT & DISTRIBUTORS, INC., JORGE CABRERA, his wife JANE DOE, and the Conjugal Partnership constituted between them, MELVIN CABRERA, his wife Jane Roe, and the Conjugal Partnership constituted between them. Defendants are ordered to abstain and/or refrain from dissipating, transferring and in any other way liquidating any assets up to the amount in question due to Plaintiff, which is $236,346.10.

The Court orders that all assets of Defendants, including without limitation, bank accounts, and/or investment accounts of Defendants be frozen and any amounts deposited on them be deposited with this Court. The Clerk of the Court shall issue

any writs necessary in order to enforce this order. **This temporary restraining order shall be effective immediately upon the posting by Plaintiff of a security bond in the amount of $10,000.00.** Plaintiff may satisfy this requirement by posting with the clerk of the court cash or a bond obtained from a professional bonding service.

The temporary restraining order herein issued will be in effect until October 17, 2012. Plaintiff is hereby **ORDERED** to deliver this order to Defendants in person on or before October 6, 2012.

**IT IS SO ORDERED.**

**In San Juan, Puerto Rico, this 3rd day of October, 2012.**

$\qquad\qquad\qquad\qquad$ s/ Jay A. Garcia-Gregory
$\qquad\qquad\qquad\qquad$ JAY A. GARCIA-GREGORY
$\qquad\qquad\qquad\qquad$ United States District Judge